**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | § | |
|---|---|---|
| **WYNETTA WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-00564-O** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM OPINION AN ORDER

Before the Court are Defendant's Motion to Dismiss and Brief in Support, (ECF No. 6), filed July 17, 2018; Plaintiff's Response, (ECF No. 11), filed August 21, 2018; and Defendant's Reply, (ECF No. 12), filed August 31, 2018. Concluding that the motion should be treated as a Rule 12(c) motion for judgment on the pleadings—which is decided under the same standard that applies to a Rule 12(b)(6) motion—the court **GRANTS** Defendant's motion, (ECF No. 6).

## I.      BACKGROUND

Plaintiff Wynetta Williams is the record owner of the property located at 9012 Heartwood Drive, Fort Worth, TX, 76248 ("Property"). Not. Removal, Ex. C-1 (Original Pet.) ¶ 7, ECF No. 1-4. On or about April 9, 2008, Plaintiff signed a Promissory Note ("Note") in the amount of $139,894.00 for the benefit of Avelo, Mortgage, LLC, d/b/a Senderra Funding ("Original Mortgagee") for the purchase of the Property. *Id.* ¶ 8. The Note is secured by a Deed of Trust dated on the same date, executed by Plaintiff for benefit of the Original Mortgagee. *Id.* ¶ 9. The Note and Deed of Trust are collectively referred to herein as the "Loan." Defendant Wells Fargo is the current mortgage servicer for the Loan. *Id.* ¶ 10.

Plaintiff submitted a completed loss mitigation application to Defendant on or about April 18, 2018. *Id.* ¶ 11. Several months passed and Defendant did not provide the proposed notices to Plaintiff required by 12 CFR 1024.41 regarding the loss mitigation application. *Id.* ¶ 12. Plaintiff made numerous calls to Joseph Sixt, the assigned agent for Defendant. *Id.* ¶ 13. Mr. Sixt did not return Plaintiff's calls. *Id.* Plaintiff received correspondence from Defendant threatening to foreclose her home. *Id.* ¶ 14.

On June 29, 2018, Plaintiff filed her Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction in the 48th Judicial District Court in Tarrant County, Texas. Not. Removal 1, ECF No. 1. In the State Court Action, Plaintiff sought to prevent the foreclosure sale of the Property. *Id*. The State Court granted the Temporary Restraining Order. Not. Removal, Ex. C-6, ECF No. 1-9. Defendant subsequently removed this case to federal court. Not. Removal, ECF No. 1.

Plaintiff asserts causes of action for negligent misrepresentation and violations of the Real Estate Settlement Procedures Act ("RESPA"). *Id*. Plaintiff also seeks injunctive relief as well as actual and statutory damages. *Id*. Defendant moves to dismiss all claims for failure to state a claim. Def.'s Mot. Dismiss 3–4, ECF No. 6.

The Court finds that Defendant's motion should be treated as a 12(c) motion for judgment on the pleadings rather than a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Defendant filed an answer in state court before removing the case. Not. Removal, Ex. C-7 (Answer), ECF No. 1-10. Rule 12(b) provides that "[a] motion asserting [failure to state a claim on which relief can be granted] must be made before pleading if a responsive pleading is allowed." When a defendant mistakenly files a Rule 12(b)(6) motion, the court can treat the motion as one filed under Rule 12(c). *See, e.g., Allen v. Wells Fargo Bank, N.A.,*

No. 3:16-CV-0249-D, 2017 WL 3421067, at *2 (N.D. Tex. Aug. 9, 2017) (Fitzwater, J.); *Dorward v. Ramirez*, 2009 WL 2777880, at *3 n.4 (N.D. Tex. Aug. 28, 2009).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *See, e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## III.   ANALYSIS

### A.   Negligent Misrepresentation

Defendant moves to dismiss Plaintiff's negligent-misrepresentation claim, arguing that it is barred by the economic loss doctrine.  Def.'s Mot. Dismiss 3–4, ECF No. 6.  Further, Defendant argues that the negligent-misrepresentation claim fails as a matter of law because the alleged promise does not constitute a representation made to guide Plaintiff in her business, which is a required element of the claim. Def.'s Reply, 3, ECF No. 12.

Under Texas law, a negligent-misrepresentation claim consists of four elements: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005); *see also Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Plaintiff must show that the defendant negligently made a false representation "in the course of his business . . . for the guidance of others in their business." *Posey*, 415 F.3d at 395.

In Texas, the economic loss rule may bar recovery for negligent-misrepresentation claims. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 763 (N.D. Tex. 2012). The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Id.* (quoting *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney, Corp., Inc.*, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006). "[T]he misrepresentation at issue must be one of existing fact" rather than a promise of future conduct. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 931 (N.D. Tex. 2014). Representations with regard to future loan modifications and foreclosure "constitute promises of future action rather than representations of existing fact" and cannot support a negligent-misrepresentation claim. *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 342 (5th Cir. 2012) (internal quotation marks and citations omitted).

Here, Plaintiff's negligent-misrepresentation claim is barred by the economic loss rule because Plaintiff did not allege damages independent of the breach of contract. *Johnson,* 999 F. Supp. 2d at 931 (holding that a plaintiff's claims failed when she "failed to allege an injury independent from the subject matter of the contract"). Plaintiff's own response states, "Defendant failed to exercise reasonable care or competence in communicating information to Plaintiff, specifically, by failing to review and/provide a modification review for Plaintiff's loan and Plaintiff has suffered pecuniary loss by such." Pl.'s Resp. 3, ECF No. 11. Additionally, Plaintiff acknowledges that her negligent-misrepresentation claim is based on representations regarding future loan modifications. Plaintiff identifies Defendant's "misrepresentation as its statement that it would provide a loan modification review to Plaintiff upon their receipt of Plaintiff's loan modification application." *Id.* at 4. This future action cannot support a negligent-misrepresentation claim. *See Thomas,* 499 F. App'x at 342.

Therefore, Plaintiff's negligent-misrepresentation claim should be and is hereby **dismissed with prejudice**.

### B. RESPA

Defendant moves to dismiss Plaintiff's RESPA claims because Plaintiff fails to plead any entitlement to actual damages. Def.'s Mot. Dismiss 5, ECF No. 6. Plaintiff responds that actual damages can include lost time and inconvenience, and that she lost approximately 8 hours of hourly pay due to Defendant's failure to comply with RESPA—equating to $320.00. Pl.'s Reply 5, ECF No. 11. Additionally, Plaintiff states that Defendant's unwillingness to accept Plaintiff's payments while the loan modification application was under review negatively affected Plaintiff's credit report. *Id.*

RESPA requires a loan servicer to provide written responses to certain written requests by borrowers. 12 U.S.C. § 2605(e). A lender or loan servicer who fails to comply with § 2605 may be liable for "any actual damages to the borrower as a result of the failure." *Id.* § 2605(f)(1)(A). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege actual damages resulting from a violation of § 2605. *Akintunji v. Chase Home Finance. L.L.C.,* No. H–11–389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011); *see Whittier v. Ocwen Loan Servicing, L.L.C.,* 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."). Further, "[t]o show damages, there must be a causal connection between the RESPA violation and actual damages." *Meeks v. Wells Fargo Bank*, No. 4-17-cv-731-A, 2018 WL 472821, at **2–3 (N.D. Tex. Jan. 18, 2018). Courts have interpreted "actual damages" under § 6(f) to include, inter alia:

> (1) out-of-pocket expenses incurred dealing with the RESPA violation including expenses for preparing, photocopying and obtaining certified copies of correspondence, (2) lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer, to the extent it resulted in actual pecuniary loss[,] (3) late fees and (4) denial of credit or denial of access to full amount of credit line.

*Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018). A well-pleaded claim under § 6(f) should therefore allege facts showing not only that the plaintiff suffered damages, but also that those damages were incurred "as a result of the failure" of the lender to comply with the statute or regulations. *See* 12 U.S.C. § 2605(f)(1)(A).

Here, Plaintiff alleges that she lost approximately 8 hours of pay from her employment due to Defendant's failure to comply with RESPA. Pl.'s Resp. 5, ECF No. 11. However, the time and money spent filing loss mitigation applications is not a damage proximately caused by Defendant's alleged violation of RESPA. *Ruiz*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018) (explaining that expenses incurred prior to an alleged violation, "such as those involved

in preparing and sending the loss mitigation application, or in following up on the application before the regulatory deadline—do not suffice, because it cannot be said that they were caused by [the servicer's] noncompliance").  Therefore, Plaintiff's claim for damages related to the time and money spent filing her loss mitigation application is **dismissed with prejudice**.

Plaintiff also alleges that she incurred a negative credit rating due to Defendant's actions. Pl.'s Resp. 5, ECF No. 11.  However, Plaintiff's allegations are conclusory and therefore insufficient to establish a causal link between the alleged RESPA violations and Plaintiff's alleged damages. *See Payne v. Seterus Inc.*, No. CV 16-0203, 2016 WL 4521659, at *7 (W.D. La. Aug. 26, 2016) (dismissing a RESPA claim where Plaintiff failed to indicate how a servicer's inadequate response "caused the reduction in his credit rating, and fail[ed] to allege damage caused by the alleged reduction in his credit rating").  Thus, Plaintiff's claim for damages related to her negative credit rating will be **dismissed without prejudice**, as it appears Plaintiff may be able to allege facts to support this claim for relief, such that she will have the right to replead this claim with adequate specificity.

### C.      Injunctive Relief and Attorney Fees

Because Plaintiff has failed to state either a negligent-misrepresentation claim or a RESPA claim, she is not entitled to injunctive relief or attorney fees.

## IV.      CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Dismiss, (ECF No. 6), should be and is hereby **GRANTED.** The Court **DISMISSES** Plaintiff's negligent-misrepresentation claim and RESPA claim for damages related to the time and money spent filing her loss mitigation application **with prejudice.** The RESPA claim for damages related to her negative credit rating should be **DISMISSED without prejudice,** and the Court **GRANTS**

Plaintiff leave to amend. If Plaintiff can, in good faith, replead facts that support damages related to her negative credit rating, she may do so **on or before December 11, 2018**. If Plaintiff does not replead her claim, the disposition of that claim will be converted into dismissal with prejudice.

      **SO ORDERED** on this **27th day** of **November, 2018**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**